## Richmond.

Armstead v. Bailey and als.

April 28th, 1887.

1. Chancery Practice—*Review—Rehearing—Assignees.*—Neither bills of review nor petitions for rehearing lie for assignees.
2. Idem—*Rehearing—Case at bar.*—In 1866, a creditor's suit was brought to subject decedent's lands. In 1876 his former wards, by petition, claimed a balance, which was ascertained and paid out of proceeds of the lands. In 1884, A. by petition claimed that he was assignee of a claim against decedent, and that after the wards came of age they received from decedent bonds in full of their claims, and collected the same; and prayed a rehearing of the decree. Petition set forth no newly discovered evidence, and was without affidavit that the facts relied on could not, by due diligence, have been brought to light before the decree was entered.

Held :

　　The petition was properly dismissed on demurrer.

Appeal from decree of circuit court of York county, entered January 23d, 1884, on a petition filed by Robert T. Armstead in the cause styled Newman and others against Whittaker and others.

This was a suit in equity in the circuit court of York county, commenced in 1866, to settle the estate and to pay the debts of Thomas W. Whittaker, deceased. The cause was duly referred to a commissioner to take the necessary accounts, who executed the decree, and returned his report to the court. From this report, it appears that among the secured debts was one in favor of W. W. Vest, amounting

to a sum exceeding $2,000. A sale of the real estate was ordered, from which Vest realized on account of his debt nearly $1,000, leaving a large balance unpaid.

In May, 1876, William H. Bailey, John K. Bailey, and Elizabeth Vannerson (formerly Bailey) filed their petition in the cause, alleging that the said Whittaker in his lifetime had been their guardian, and that, as such guardian, he died largely indebted to them. And the prayer of the petition was that an account of his transactions as guardian be taken, and that their claim, when ascertained, be paid out of any funds under the control of the court, available for such purpose.

The accounts prayed for in the petition were accordingly taken by one of the commissioners of the court, which showed an indebtedness to the petitioners of $6,968.85, as of November 3d, 1878, including interest. The report of the commissioner was confirmed by a decree entered on the 4th of November, 1878, no exception to the report having been taken. And by the same decree, it was ordered that the proceeds of the sale of a certain tract of land belonging to the decedent's estate, called "the Mill tract," and upon which there were no specific liens, be distributed, when collected, among the petitioners aforesaid, which was subsequently done.

On the 23d of January, 1884, R. T. Armstead, who is the appellant here, filed his petition in the cause, alleging that he was the assignee for valuable consideration of the balance due the said W. W. Vest as aforesaid, as evidenced by the written assignment of Vest, exhibited with the petition, and dated December 4, 1883; that the said William H. and John K. Bailey, and Elizabeth Vannerson, after each had arrived at full age, had received certain bonds from the estate of their former guardian, the said Thomas W. Whittaker, in full satisfaction of their claims against the estate, and that in their own names they had

sued upon and collected the said bonds, and consequently were not entitled to the proceeds of the real estate which had been decreed and paid to them as aforesaid.

The prayer of the petition accordingly was that the petitioner be admitted as a party to the suit, and that all parties having an adverse interest be summoned to answer the allegations of the petition; that the petition be treated, as far as necessary, as a petition for a rehearing; that the claim asserted in the petition be paid out of any funds under the control of the court "properly liable therefor;" that the said William H. Bailey, John K. Bailey, and Elizabeth Vannerson be required to refund any moneys received by them under previous decrees to which they were not justly entitled; that all proper accounts be taken, and for general relief.

To this petition the said William H. Bailey, John K. Bailey, and Elizabeth Vannerson demurred, and the demurrer was sustained and the petition dismissed by the decree complained of.

*Samuel D. Davies*, for the appellant.

*W. G. W. Farthing*, for the appellees.

LEWIS, P., after stating the case, delivered the opinion of the court.

The rule governing applications to rehear decrees in chancery upon matter of fact, is that the bill of review or the petition for rehearing, as the case may be, must set forth the discovery of new evidence, and must be supported by affidavit that such after discovered evidence could not have been brought forward, by the use of reasonable diligence, before the decree was made. Nor is it sufficient to allege merely that the party applying expects to prove cer-

tain facts; but the newly-discovered evidence must be substantially and distinctly stated, in order that the court may judge of its relevancy and materiality, and it must not be merely cumulative, but such as would have probably produced a different result, had it been offered in time. *Carter* v. *Allan*, 21 Gratt. 241; *Whitten* v. *Saunders*, 75 Va. 563; *Trevelyan's Adm'r* v. *Lofft, ante,* p. 141.

Tried by this test, the petition in the present case is defective. It does not allege the discovery of new matter, nor is it sworn to or supported by affidavit; and for aught it alleges to the contrary, the facts relied on. might have been used when the decrees sought to be reheard were made. And if the facts alleged were known to, and might have been used by, the assignor of the appellant before the entry of those decrees, he must be presumed to have acquiesced in the decrees, and is not entitled to have them reheard; and the appellant, by virtue of the assignment subsequently made to him, can occupy no better position than his assignor. If the rule were otherwise, there would be no end of suits. *Livingston* v. *Hubbs*, 3 Johns. Ch. 124.

A bill of review, it is said, does not lie for assignees. 2 Dan. Ch. Pr. 1627; *Thompson* v. *Maxwell*, 95 U. S. 391. And the same rule, says Barton, applies to a petition for rehearing. But it is nevertheless competent, says the same author, to a person not a party to the former suit, but whose interest may in some way have been affected by the proceedings had therein, to come in by petition to be made a party, and then to ask a rehearing of a former decree. 1 Bart. Ch. Pr. 205.

For the reasons, however, already stated, the decree of the circuit court sustaining the demurrer to the petition is right, and must be affirmed.

DECREE AFFIRMED.