## Staunton.

ROLLER'S ADMR. v. PITMAN'S ADMR.

SEPTEMBER 27, 1900.

Absent, Cardwell and Riely, JJ.

1. RES JUDICATA—*What Embraced by Plea.*—The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required, by the parties, to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

2. RES JUDICATA—*Compensation to Commissioner—Confirmation of Report Fixing Commissions.*—When a report of sale which contains a statement of the commissions charged by the commissioner has been confirmed by the trial court, and that decree has been affirmed by this court, without objection to the charge made, the question becomes *res judicata,* and the amount of the commission charged is beyond the reach of judicial inquiry.

Appeal from decrees of the Circuit Court of Rockingham county, pronounced January 11, 1897, and November 1, 1897, in the chancery suit of *Corey's Admr.* v. *Moore.*

*Reversed.*

The opinion states the case.

*J., J. L.,* and *R. Bumgardner,* for the appellant.

*Sipe & Harris,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The suit out of which this controversy grows was brought

to subject the land of Charles A. R. Moore to the satisfaction of the liens thereon. A number of liens were audited, but it is only necessary to mention that the first in order of priority was a deed of trust debt in favor of Samuel Shacklett, which provided for five *per cent.* commissions to the trustee, in the event of a sale; the second, an annuity charge in favor of Mrs. E. G. Moore; and the third, a deed of trust debt in favor of John L. Pitman.

On April 14, 1887, the trustees named in the deeds of trust, constituting the first and third liens, were appointed special commissioners of the court to sell the real estate in the bill and proceedings mentioned. This duty was performed, and subsequently, a report of sale was made to the court, by the trustees, from which it appears that the land was sold to John L. Pitman, at the price of $18,323.21. This sum was credited by the trustees in their report, with an itemized statement of the costs of suit and sale, including therein a commission on the gross sale of five *per cent.*, showing a balance in hand of $17,282.66, which was not sufficient to pay in full the third lien in favor of John L. Pitman. On April 19, 1889, this sale was, without objection, duly confirmed, and W. W. Roller, trustee in the Shacklett deed of trust, appointed special receiver, to collect the proceeds of sale and disburse the same in accordance with the report of liens confirmed April 14, 1887.

From this decree of April 19, 1889, which, in addition to confirming the sale, finally disposed of a controversy as to the priority of the Pitman deed of trust, an appeal was taken to this court by one of the subsequent lienors of Moore, attacking the priority given the Pitman deed of trust, upon the ground that the deed was not properly acknowledged for recordation. The result of this appeal was an affirmance of the decree of April 19, 1889. See *Corey* v. *Moore,* 86 Va. 721. After the case went back from this court, an order was made directing W. W. Roller, as trustee and special receiver, to settle

his accounts.   This settlement was promptly made by a master commissioner, whose report shows that the entire proceeds of sale had been properly applied, and the special receiver's disbursements supported by proper vouchers.  Among the credits allowed in stating this account, is the following:  "Commissions stated in the report of sale, $916.16." The allowance of this item was excepted to by John L. Pitman, upon the ground that the commissions were excessive;  the contention being that W. W. Roller and L. Triplett, Jr., were not acting in their capacity as trustees in making the sale in question, but as special receivers of the court, and were therefore only entitled to the commissions allowed by statute. The Circuit Court subsequently sustained this view, and by decree of January 11, 1897, ordered that W. W. Roller, special receiver in the cause, pay to the administrators of John L. Pitman $765.54, with interest on $577.77 from April 1, 1896, and the costs attending the controversy;  that being the amount of commissions reserved by the trustees in excess of the statutory allowance.   W. W. Roller having died, his administrator was made a party defendant, and in October, 1897, asked leave to file a bill to review the decree of January 11, 1897, which motion was overruled by decree of November 1, 1897.

From both these decrees—namely, that of January 11, 1897, and that of November 1, 1897, this appeal was allowed.

In the view we take of this case, it is unnecessary to consider whether or not the trustees, or special commissioners, were, as an original proposition, entitled to five *per cent.* commissions on the gross proceeds of the sale made by them.   They acted upon the view that they were entitled to such commissions.  When the sale was made they collected as the cash payment $1,040.55, a sum exactly sufficient to pay the costs of suit and sale, including the commission of five *per cent.;* and in making their report of sale to the court, which they do as trustees, they return therewith an itemized statement of their disbursement of the cash

payment, one item of which is, " Coms. on \$18,323.21, 5 *per cent.*, \$916.16." John L. Pitman, who alone was affected by the sum retained for commissions, was a party to this suit; he was the purchaser of the land sold; he made the cash payment by check to cover the costs of suit and sale, which included the five *per cent.* commissions; he allowed the sale to be confirmed to himself, upon the basis of the report of sale as made without one word of objection to the commissions allowed by the report; and, in this court, as appellee in the case of *Corey* v. *Moore, supra,* he had the decree confirming the report of sale affirmed, without a suggestion that there was any error in respect to the rate of commissions reserved by the trustees.

After the case went back to the Circuit Court, Mrs. E. G. Moore filed her petition therein, claiming a right to contingent dower in the land sold, and asking that the same be commuted and paid to her in money. To this petition John L. Pitman filed an answer, denying the contingent dower right, but saying that, inasmuch as he had been greatly harassed in securing his debt, and was very desirous of finally and forever putting an end to the protracted litigation, he would make no objection to the decree in favor of the petitioner. He then proceeds to show what proportion of the proceeds of sale is subject to the contingent dower right, by deducting the items paramount thereto, and, among other deductions, he includes this item, " The cost of sale and suit \$1,040.55," thus again recognizing and acquiescing in the five *per cent.* commissions retained by the trustees. Apart, however, from the acquiescence of John L. Pitman in the charge of five *per cent.* commissions made by the trustees at the time of the sale, which abundantly appears from the record, we are of opinion that the question is *res adjudicata,* and cannot be reopened. Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to the litigation to bring forward their whole case, and will not (except under special cir-

cumstances) permit the same parties to open the same subject of litigation, in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have from negligence, inadvertence, or even accident, omitted part of their case.

The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required, by the parties, to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. *Henderson* v. *Henderson,* 3 Hare 115 (25 Eng. Ch. R.); *Diamond State Iron Co.* v. *Rarig & Co.,* 93 Va. 595. The question presented in the case at bar could have been raised by an exception to the report of sale in which the commissions were credited to the trustees, and, in justice to all parties, this should have been done. Having permitted the report of sale to be confirmed, and the decree confirming the same to be affirmed by this court, without raising any question as to the propriety of the commissions charged, the rights of the trustees in respect to such commissions must be regarded as finally settled and beyond the reach of judicial inquiry.

For these reasons the decrees complained of must be reversed and set aside, and this court will enter such decree as the Circuit Court ought to have rendered.

*Reversed.*