**COOK ex. use v. BAXTER.**

MANDAMUS—*Where affidavit filed under Section* 760, *Amended Code.*—Where suit was pending in the Circuit Court, the defendant filed an affidavit under *Section* 760 of Amended Code; the circuit judge refused to proceed further with the trial of the case; on petition for mandamus by the plaintiff, *Held:* That the filing of the affidavit disqualified the judge, and that the clerk of the circuit court should have made an order changing the venue as in such case provided by law.

PETITION FOR MANDAMUS.

*U. M. Rose,* for Petitioner.

BENNETT, J.—At the October term, 1871, of the Jackson County Circuit Court, there was pending and duly entered on the civil law docket therein, a suit entitled C. C. Cook, for the use of Theodore H. Phillips vs. John R. Loftin as administrator of Publius S. Windom. After various interlocutory proceedings were had therein, at previous terms of said court, at that October term, the defendant, John R. Loftin, filed his affidavit to the effect that he verily believed that the Hon. Elisha Baxter, judge of the Jackson County Circuit Court, in which court the action was pending, would not give him a fair and impartial trial. Afterwards, during the same term, the plaintiff C. C. Cook, etc., moved the court to call the case, the same having been reached in its regular order on the docket, and proceed to the trial thereof, which motion was overruled, and the judge (the Hon. Elisha Baxter) refused and still refuses to take any further action in regard to the case. Therefore, the said C. C. Cook, for the use of Phillips, files his petition in this court for a mandamus, commanding the judge to proceed to the determination of the above suit.

On the 14th day of June, 1872, an alternative writ was issued from this court, directed to the Hon. Elisha Baxter, to show cause why a peremptory mandamus should not issue as prayed for.

July 2d, Judge Baxter filed his response, and among other

.things says: "At the November term of the Jackson Circuit Court, 1871, the defendant, in the suit mentioned in the petition, filed an affidavit in said cause under *Section 758 of the Civil Code.*"

To this response the petitioner filed a general demurrer.

Is the response sufficient in law to justify the judge in refusing to further proceed with the cause?

. Section 758 of the Code of Practice, was repealed by an "Act entitled an Act to amend the Code of Civil Practice," approved March 27, 1871. Therefore, as far as that section is concerned, the response would not be good; but the Legislature incorporated a section in the Act, above referred to, which says: "Whenever a party to any civil action, in the Circuit or Chancery Court, verily believes that the judge of the court, in which the action is pending, will not give him a fair and impartial trial, he may file with the clerk of such court an affidavit to that effect, verified as pleadings are required to be verified, whereupon *the clerk* shall make an order changing the venue in such case to the most convenient county in an adjoining circuit,". etc. *Section 760, Amended Code.*

The petition for mandamus states that "the defendant filed an affidavit stating he verily believed that the Hon. Elisha Baxter, Judge of the Jackson Circuit Court, in which court said action was pending, would not give him a fair and impartial trial thereof."

Whenever such an affidavit is filed, it is the duty of the clerk of the court to make an order, changing the venue in such case to the most convenient county in an adjoining circuit.

The filing of the affidavit disqualifies the judge from making an order or further proceeding in the case. Upon the general doctrine that, upon demurrer, the court will examine the whole record and give judgment to the party who, on the whole, is entitled to it, we must say the petition, upon its face, shows that the defendant is not entitled to a writ of man-

31

damus against the judge of the Jackson County Circuit Court.

Wherefore, the petition will be dismissed and mandamus refused.