HELLRIEGEL vs. TRUMAN and others.

*March 20 — April 8, 1884.*

JUSTICES' COURTS: REMOVAL OF CAUSE. *(1) Defendants need not all join in affidavit of prejudice. (2) Jurisdiction.*

1. A cause should be removed, under sec. 3616, R. S., although all the defendants do not join in the affidavit of prejudice, if all appear and join in the motion for removal.
2. Upon presentation of a sufficient affidavit of prejudice and tender of the proper costs, a justice must remove a cause pending before him; and if he fails to do so and the defendants do not appear further in the action before him, he loses all jurisdiction.

APPEAL from the Circuit Court for *Ozaukee* County.

The case is thus stated by Mr. Justice TAYLOR:

" An action was commenced in justice's court against five defendants for wrongfully taking from plaintiff's possession a pile of stone. On the return day of the summons all the defendants appeared by attorney, and upon the joint affidavit of three of them, then made, and the affidavit of the

defendant *Truman*, made several days before the return day, of prejudice of the justice, the defendants asked that the case be removed to the next nearest justice.   The docket of the justice as to this matter is as follows:  'Defendants present, and answer by their attorney, D. M. Jackson.   Defendants' attorney, D. M. Jackson, presents an affidavit of removal, together with legal fees.   The court refused to transmit the case, as provided by law, for the reason that all the defendants who have been served with process refused or neglected to sign the affidavit of removal on the ground of prejudice.' After presenting the affidavits of prejudice and tendering the legal fees the defendants made no further appearance in the action; and thereupon, at the request of the plaintiff, the case was adjourned for one week; and on the adjourned day the plaintiff presented his proofs, and judgment was rendered against the defendants for $11.25 damages and $8.75 costs.

"The defendants obtained a common law writ of· *certiorari* from the circuit court of Ozaukee county, for the purpose of reviewing the judgment in said action.   Upon the return of the justice to the writ the circuit court reversed the judgment of the justice, with costs; and from the judgment of the circuit court the plaintiff appealed to this court."

*Eugene S. Turner*, for the appellant.

For the respondents there was a brief signed by *D. M. Jackson*, attorney, and *Turner & Sloan*, of counsel, and the cause was argued orally by *Mr. W. J. Turner*.

TAYLOR, J.   The judgment of the circuit court does not state the grounds of reversal, but adjudges that " the judgment of the justice is manifestly erroneous and void."   The counsel for the respondent insists that the justice's judgment was void, for two reasons — *first*, because the law required · the justice to remove the case to another justice upon the presentation of the affidavits of the defendants as to his prejudice in the case and the motion for such removal on.

behalf of the defendants; and, *second,* because the justice lost jurisdiction of the case by adjourning the case for one week on the motion of the plaintiff.

We are clearly of the opinion that the justice lost jurisdiction to try the case after the affidavits of prejudice were presented and the motion for removal was made. The rule established in such cases for the circuit courts must be applied to the justice's court. The language of the two statutes is alike. Although the affidavit of prejudice was not made by all of the defendants served, they all appeared and joined in the motion for the removal of the case on the affidavits made by a part of them. The case is clearly within the rule laid down by this court in the cases of *Wolcott v. Wolcott,* 32 Wis., 63; *State ex rel. Cuppel v. Milwaukee Chamber of Commerce,* 47 Wis., 670, 679; and *Eldred v. Becker, ante,* p. 48. The justice should have removed the case on the application of the defendants. The defendants having presented a sufficient affidavit of prejudice and tendered the proper costs, the law made it the duty of the justice to remove the case to the next nearest justice in the county; and the defendants refusing to appear further in the action before said justice, he lost all jurisdiction to proceed further in the case. *Jenkins v. Morning,* 38 Wis., 197.

The return of the justice to the writ of *certiorari* showing the facts above stated, the circuit court properly reversed the judgment of the justice.

This omission, on the part of the justice, makes it unnecessary to determine whether the justice lost jurisdiction of the action by his subsequent adjournment of the case on the motion of the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.