FATT, Respondent, vs. FATT, Appellant.

*January 16 — February 3, 1891.*

(*1*) *Change of venue: Prejudice of judge.* (*2*) *Modification of order.* (*3*) *Appeal from order: Limiting time.*

1. Defendant filed an affidavit of prejudice of the judge, and applied for a change of venue pursuant to sec. 2625, S. & B. Ann. Stats. The order denying the application purports to have been made by the court at a regular term and on hearing the attorneys for both parties. *Held,* that on the face of the papers the application was regularly made and was therefore improperly denied, the right to the change of venue being absolute.

2. The court below had no power, at a subsequent term and after an appeal from the order had been perfected, to modify the order so as to make it appear to have been made at chambers and without notice to, or hearing of, the plaintiff's attorney.

3. A party's knowledge of the entry of an order is not sufficient to limit the time within which he may appeal therefrom to thirty days, under sec. 3042, R. S., unless the prescribed notice is served upon him.

APPEAL from the County Court of *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of divorce, commenced by the service of a summons and complaint, May 3, 1890, in the county court for Fond du Lac county. The defendant served a verified answer, May 15, 1890. June 17, 1890, the defendant presented and filed with the clerk of said court an affidavit to the effect that he could not have a fair trial in such action, on account of the prejudice of the judge of said county court before whom said action was then pending, and prayed that the venue thereof be changed to the circuit court of Fond du Lac county. Thereupon an order was made in said cause, June 18, 1890, and filed therein with the clerk

of said court, June 26, 1890, of which the following is a copy, to wit:

"[Title, etc.]                                    May Term, 1890.

"The above-named defendant having on the 17th day of June, 1890, filed his affidavit of prejudice of Hon. A. E. Richter, the presiding judge of said court, before the adjournment of said term, that the place of trial of said action be changed to the circuit court of Fond du Lac county, on hearing Charles D. Smith in support of said application, and C. S. Matteson in opposition thereto, it is ordered that said application to change the place of trial of this action is denied.                          . By the court,

"A. E. Richter, County Judge.

"Dated June 18th, A. D. 1890."

On September 4, 1890, the defendant served on the plaintiff's attorney and the clerk of said county court a notice of appeal in writing, and which appeal was perfected October 3, 1890, by the service of an undertaking with one surety, and upon which the plaintiff's attorney had made the following indorsement in writing, to wit: "I hereby waive necessity of a second · surety on the within bond. Dated October 3, 1890. C. S. Matteson, Plaintiff's Attorney,"— and which bond was, on the same day, filed with said clerk.

Upon an order to show cause procured by the plaintiff's attorney and served on the defendant's attorney, and hearing had, the said county court, on October 4, 1890, made and entered an order in said action, in effect modifying the said order of June 18, 1890, so as to make it appear that the order was in fact made without any hearing of or notice to the plaintiff's attorney by the judge at chambers, and was never made by the court.

*Charles D. Smith*, for the appellant.

*C. S. Matteson*, for the respondent, contended, *inter alia*, that the order should be sustained as modified, because the

Fatt vs. Fatt.

original order was inadvertently granted upon the defend-
ant's motion and without notice to the opposing attorney.
*Taylor v. Lucas*, 43 Wis. 155. Being so entered, the defend-
ant's right to appeal therefrom was limited to thirty days,
under sec. 3042, R. S.

CASSODAY, J. The affidavit for the change of venue was
sufficient in form and substance to give the defendant an
absolute right to the same under the statute. Sec. 2467*b*
(ch. 261, Laws of 1889), and sec. 2625, S. & B. Ann. Stats.
If that application was regularly made, it had the effect to
oust the county court of all further jurisdiction. *Rines v.
Boyd*, 7 Wis. 155; *Hewitt v. Follett*, 51 Wis. 264; *N. W.
Iron Co. v. Crane*, 66 Wis. 569. The order entered upon
that application purports to have been made by the county
court at the May term thereof, and on the hearing of the
plaintiff's attorney in opposition thereto, as well as the de-
fendant's attorney in support thereof. Upon the face of
the papers, therefore, the application appears to have been
improperly denied. If the court actually lost jurisdiction
by virtue of such application, then it did not regain it by
reason of any subsequent proceeding in the case. *Rines v.
Boyd*, 7 Wis. 155; *Runals v. Brown*, 11 Wis. 185; *Hewitt
v. Follett*, 51 Wis. 264. True, the appeal was not perfected
until October 3, 1890, but the time for taking such appeal
does not appear to have then expired. The statutes fix a
limit to the taking of such appeals. Sec. 3039, R. S. If
the plaintiff desired to further limit the time for taking
such appeal to thirty days from the service of the pre-
scribed notice, then she should have given such notice.
Sec. 3042, R. S. The defendant's knowledge of the entry
of the order did not obviate the necessity of serving such
notice in order to so further limit the time for taking such
appeal. *Corwith v. State Bank*, 18 Wis. 560; *Rosenkrans v.
Kline*, 42 Wis. 558. Thus it appears that the defendant

had the absolute right to appeal from the order at the time his appeal was perfected. This being so, we are clearly of the opinion that the county court had no authority, subsequently and at the. September term of said court, to so modify the order as to make it appear to have been made at chambers and without notice to, or hearing of, the plaintiff's counsel. *Eureka S. H. Co. v. Sloteman*, 67 Wis. 124, 125; *Pormann v. Frede*, 72 Wis. 226.

*By the Court.*— The order of the county court is reversed, and the cause is remanded with direction to change the venue as prayed.