THE STATE OF KANSAS v. POOL GRINSTEAD.

No. 820.*   (61 Pac. 976.)

CRIMINAL LAW—*Burden of Proof—Instructions.*   An instruction
in a criminal case throwing upon the defendant the burden of
proving the matters of defense to the satisfaction of the jury is
erroneous, and is not cured by a general instruction giving the
law as to the burden of proof and a reasonable doubt.

Appeal from Doniphan district court; WM. I.
STUART, judge.   Opinion filed July 11, 1900.   Re-
versed.

*A. A. Godard,* attorney-general, *S. M. Brewster,*
county attorney, *Ryan & Reeder,* and *Baker & Bell,* for
The State.

*Harvey & Harvey,* for appellant.

The opinion of the court was delivered by

WELLS, J. : This was a prosecution for criminal
libel brought in the district court of Doniphan county.
The defendant was found guilty and appeals to this
court.

There are four grounds of error alleged and we will
consider them in order.

1. That the court erred in overruling the appel-
lant's motion to quash the information for the reason
that it does not state a public offense.   The informa-
tion charges, in substance, that on August 5, 1899,
Pool Grinstead was the editor and publisher, in Doni-
phan county, Kansas, of a weekly newspaper, and,
with the intent to expose one Albert Perry to hatred
and contempt and to deprive him of public confi-
dence, did then and there unlawfully, wilfully and

*Affirmed by supreme court March 9, 1901.   See 62 Kan. 594, 64
Pac. 49.— REP.

maliciously compose and publish, and cause and pro-
cure to be composed and published in said paper, of
and concerning said Albert Perry, the following false,
malicious, defamatory and libelous words : "With
Leland's brother-in-law," meaning thereby the said
Albert Perry, "as the chairman of the democratic
committee," meaning thereby the democratic central
committee of Doniphan county, Kansas, "even that
party was run," meaning the democratic party in
Doniphan county, during the campaign in which
said Albert Perry was chairman of said democratic
central committee, "pretty much as Leland directed,"
meaning thereby Cyrus Leland, who was a leading
republican in said county, and meaning thereby that
the said Albert Perry, who, during the time referred
to, was chairman of the democratic central committee
of the democratic party of Doniphan county, Kansas,
as such chairman betrayed the trust and confidence
reposed in him by the said democratic party and its
central committee, and that the said Albert Perry, as
such chairman suffered and permitted the said Cyrus
Leland to control in the interest of the republican
party the acts of said Albert Perry as such chair-
man, to the great scandal, injury and disgrace of the
said Albert Perry.

The majority of the court hold that the information
does not state an offense, within the authority of *The
State v. Elliott*, ante, p. 90, 61 Pac. 981, and that the
court erred in overruling the motion to quash.

It is contended by the appellant that the law always
gives to words their usual and ordinary meaning, and
presumes that men are innocent of crime or criminal
intentions, whether directing the affairs of their own
party or of some other.  This is not true.  The law
does not always give to words their usual and ordi-

nary meaning, and for the leader of one political party to be controlled as to his political action by the leader of the opposite political party is neither honest nor creditable.

The next contention is that the information does not charge a publication.   We think it does.   It charges that the defendant ''then and there did compose and publish, and caused to be composed and published,'' not his paper, as argued by the appellant, but the matter complained of.

The remaining objection to the information is that it was not properly verified.   It states that ''the facts therein set forth are true.''   And it is said that facts are always true, and, therefore, said words are meaningless.   This is true if the word ''fact'' is taken in its common and primary meaning ;. but a secondary meaning of the word is permissible to represent the thing asserted.   The term ''facts'' was held to be equivalent to ''matters'' when used in a jurat, in *Whelpley v. Van Epps,* 9 Paige, 332.   I think the motion to quash was properly overruled.

2.  That the court erred in overruling the appellant's motion and petition for a change of venue. The facts upon which the defendant relied for a change of venue are substantially the same as in the case No. 821, *The State v. Grinstead,* just decided (*post,* p. 78) ; the majority of the court hold that the trial court erred in overruling such motion, but the writer hereof thinks otherwise.   The application for a change of venue was supported by the oral testimony of the defendant alone, with exhibits of articles published by him against the judge ; and while his evidence discloses an abundance of provocation on his part to excite the prejudice and enmity of an average person under ordinary circumstances, the only evidence that

The State v. Grinstead.

it had that effect upon the judge was that on one occasion the judge failed to respond when spoken to by the defendant, and whether this was intentional or not is left somewhat to conjecture.   In the face of the fact that the judge expressly denies that he had any ill will or prejudice against said defendant on any account whatever, I do not think there was sufficient evidence to justify us in saying that he was mistaken and in reversing the case for that reason.

3.  That the court misdirected the jury in material matters of law.   The court properly instructed the jury upon the law of the burden of proof and of a reasonable doubt; but in the eighth instruction he told them :

"If you believe from the evidence in this case that the defendant was not present and did not know of the insertion in the Wathena *Star* of the alleged libelous article complained of in the information, and in no manner counseled, aided or abetted in the publication of such article, then you should find the defendant not guilty."

And in the thirteenth :  "It is incumbent upon him (the defendant) to satisfy you that it was not published with his knowledge or authority ; and unless he has satisfied you, you should return a verdict of guilty in this case."   The nineteenth instruction reads :

"A publisher of a newspaper is responsible for the matter of his paper, as though the same was inserted by himself or published by his express direction, unless it is shown by the evidence that he did not publish, or aid or assist in such publication, and did not know of the same."

These instructions would, by themselves, naturally convey to the minds of the jury the idea that, as to the defenses claimed by the defendant, the burden of proof was upon him to establish them, and if he failed

to do so to their satisfaction they must find a verdict of guilty, and this impression would not be removed by their being told in general terms that the burden of proof in a criminal case never shifts from the state to the defendant. The instructions referred to are erroneous.

Our attention is also called to the fourteenth instruction, in which the jury are told that the article complained of is libelous, and thus, it is claimed, the court decided the case for the jury. We do not think the words complained of, unaccompanied by explanation or innuendo, are necessarily libelous : "With Leland's brother-in-law as chairman of the democratic committee, even that party was run pretty much as Leland directed." These words, by themselves, could convey no definite impression to the mind of a person entirely ignorant of the surrounding conditions and circumstances. For the errors hereinbefore noticed the motion for a new trial should have been allowed.

The judgment of the trial court is reversed and a new trial directed.