WILL OF FRASER: FRASER and others, Appellants, vs. FARGO
and others, Respondents.

*April 2—April 17, 1908.*

*Practice: Change of venue: Effect of application: Nonappealable order.*

1. On an appeal from an order of a county court admitting a will
   to probate, the contestants filed an affidavit of prejudice against
   the presiding judge and made application for change of venue.
   This application was denied by the presiding judge on the
   ground that he had "neither jurisdiction of the person nor of
   the subject matter thereof," because the undertaking on appeal
   was insufficient. On an attempted appeal to this court by con-
   testants under sec. 3069, Stats. (1898), as amended by ch. 212,
   Laws of 1895, *held*, that the order was one denying change of
   venue and was not appealable, notwithstanding that in denying
   the application the presiding judge attempted to pass upon a
   question of jurisdiction.
2. In dismissing the attempted appeal, *held*, that the effect of an
   application for change of venue is to deprive the presiding
   judge of further power, except as required by statute, to make
   a proper order calling in another judge or to remove the cause
   to another jurisdiction, and therefore he was not competent to
   determine any question of jurisdiction. MARSHALL, J., does not
   concur.

APPEAL from an order of the circuit court for Jefferson
county: GEORGE GRIMM, Circuit Judge. *Dismissed.*

This appeal is from an order made July 15, 1907, deny-
ing the application of the contestants of an instrument pur-
porting to be the last will and testament of David G. Fraser,
deceased, for a change of the place of trial of said action.
The will had been admitted to probate in the county court
of Jefferson county, notwithstanding the objections of the
contestants, who thereupon appealed to the circuit court
by filing the usual notice and an undertaking the sufficiency
of which is questioned. The appeal was allowed by the
county court, whereupon an affidavit of prejudice was filed
against the presiding judge of the circuit court by the con-

testants and an application made for a change of the place of trial. The order was denied by the presiding judge for the reason that the court had "neither jurisdiction of the person of the proponent of said will nor of the subject matter thereof." This was upon the ground that the undertaking on appeal was insufficient.

For the appellants there was a brief by *Tenney, Hall & Tenney* and *Davies & Mulberger,* and a reply brief by *Tenneys, Hall, Davies & Sanderson,* and oral argument by *F. W. Hall.*

*C. S. Greenwood* and *R. B. Kirkland,* for the respondents.

BASHFORD, J. This is an appeal from an order denying the application of the appellants to change the place of trial on the ground of the prejudice of the presiding judge. Since the enactment of ch. 212, Laws of 1895, such orders have been uniformly held to be not appealable. *Evans v. Curtiss,* 98 Wis. 97, 73 N. W. 432; *Waukesha Co. A. Soc. v. Wis. Cent. R. Co.* 117 Wis. 539, 94 N. W. 289.

It is urged on behalf of the appellants that the order appealed from is subject to review here, because it practically determines the action and prevents a judgment from which an appeal may be taken, within the provisions of sec. 3069, Stats. (1898). The basis for this contention is the reason assigned by the presiding judge for denying the application, namely, that the court had no jurisdiction of the person of the proponent nor of the subject matter of the litigation. It is sufficient to say that the presiding judge, after the affidavit of prejudice was filed, was not competent to determine the question of jurisdiction. This statement in the order is not conclusive, as the court did not direct that the appeal be dismissed. The cause is still pending in the circuit court, subject to such further order as may be made therein. The effect of the application for a change of venue is to deprive the presiding judge of further power, except to carry out

the statutory provisions on the subject; that is, to make a proper order calling in another judge or to remove the cause to another jurisdiction. *Hewitt v. Follett,* 51 Wis. 264, 8 N. W. 177; *Fatt v. Fatt,* 78 Wis. 633, 48 N. W. 52.

This court holds that the order appealed from is simply an order denying a change of venue, which is not appealable.

*By the Court.*—The appeal is dismissed.

MARSHALL, J. I concur in the decision dismissing the appeal upon the ground that the order appealed from is merely one denying a motion for a change of venue. Such an order has been repeatedly held to be not appealable, as indicated in the opinion of the court by decisions cited, to which may well be added *Latimer v. Central E. Co.* 101 Wis. 310, 77 N. W. 155, and *Latimer v. Julius Andrae & Sons Co.* 101 Wis. 311, 77 N. W. 1119. I think, however, the court should not, after holding that there is no appeal before it, proceed to discuss questions and express opinions on matters which are not involved therein. The uniform course has been, in such cases, to merely dismiss the appeal, expressing no opinion on any question except such as underlie the ultimate question. In *Maxon v. Gates,* 118 Wis. 238, 95 N. W. 92, the court, after holding the order was not appealable, ventured the suggestion that the argument of counsel raised a serious question, but said "we probably should not speak on the question involved, since we are entirely without jurisdiction in the matter." In *Mandelert v. Superior C. L. Co.* 104 Wis. 423, 80 N. W. 726, the court said:

"We refrain from determining the question presented upon the merits. It is not brought before us for review by the so-called 'appeal' from the ruling of the court. . . ."

In my judgment the only proper practice is to refrain in cases of this sort from expressing opinions on questions not before us on the illegitimate appeal, but which might be

proper for consideration at a future time when properly brought to the attention of the court.

It seems the language of the court's opinion, "after the affidavit of prejudice was filed the presiding judge was not competent to determine the question of jurisdiction," though correct in a sense, is not as it might be understood. A determination plainly erroneous is not necessarily a usurpation. A trial court in many situations is competent to commit error not jurisdictional in character. Again, I think it is misleading to say that the statement in the order of the reason therefor "is not conclusive, as the court did not direct the appeal to be dismissed." It is conclusive as regards the decision by the trial court until set aside or vacated in some proper proceeding. True, the order did not dismiss the appeal. A judgment is required to the end that there may be a basis for an appeal. If the court intended to use the words "not conclusive" in the sense that the reason stated in the order, as a ruling, would be subject to review by this court in a proper proceeding, they are unobjectionable, but they are liable not to be understood, it seems, in that sense. Further, the statement that the application for a change of venue deprived the presiding judge *"of further power,"* etc., is misleading, in that it is liable to be understood as indicating that the further exercise of power would be usurpation and absolutely void. The court has in such a case "further power" to the extent that further proceedings would not be error of a jurisdictional character. The proceedings could not be regarded as utterly void.