## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### EWING V. HAAS, JUDGE.

#### March 16, 1922.

1. JUDGES—*Disqualification—Interest or Bias.*—The interest of a judge in the subject matter of the action is cause for disqualification, but mere bias on a purely legal proposition, such as whether the jurisdiction of a case is at law or in equity, removed from prejudice against any of the parties, does not disqualify a judge from sitting in a cause.

2. JUDGES—*Disqualification—Prohibition.*—A writ of prohibition lies to restrain a judge from presiding in an action in which he is disqualified, although the court over which he presides may have jurisdiction of the cause.

3. ATTORNEY AND CLIENT—*Relationship—Contract of Employment.* —In order to establish the relation of attorney and client there must be a contract of employment, express or implied, between the attorney and the party for whom he appears or some one authorized to represent him.

4. ATTORNEY AND CLIENT—*Relationship of Attorney and Client— Case at Bar.*—The facts that a judge, after determining the cause upon which an appeal is taken, aided counsel for the appellee by calling their attention to an opinion written by him in the case but not made a part of the record, and by suggesting, upon reading the reply brief of appellants, an answer to certain portions thereof, do not establish the relationship of attorney and client between the judge and the appellee.

5. JUDGES—*Disqualification—Bias—Aid to Counsel in Preparing Brief—Case at Bar.*—In the instant case, an application for a writ of prohibition to prohibit a judge from hearing an action at law, the judge in a former suit between the parties had determined that complainant's remedy was at law and not in equity. On appeal in this former suit, the judge had aided counsel for the appellee by calling their attention to an opinion written by him in the suit but not made a part of the record, and by suggesting, upon reading the reply brief of appellants, an answer to certain portions thereof.

*Held:* That while the action of the judge was indiscreet, it did not disqualify him to sit in the action at law.

Petition for a writ of prohibition.

*Refused.*

*Ed. C. Martz, D. O. Dechert, Jno. T. Harris* and *Hugh A. White,* for petitioner.

*H. W. Bertram, Geo. S. Harnsberger, Ward Swank, Geo. N. Conrad* and *E. D. Ott,* for respondents.

Per Curiam:

This is an application for a writ of prohibition to prohibit the Hon. T. N. Haas, judge of the twenty-fifth judicial circuit, from hearing an action of law pending in his court under the style of *Ewing* v. *Dutrow.*

The facts and circumstances leading up to the controversy are as follows: A suit in chancery had been brought by Ewing and others against the Dutrows to recover damages for deceit alleged to have been practiced in the sale of certain corporate stock. There was a demurrer to the bill and several grounds of demurrer were stated, but the chief ground of demurrer relied on, and the one upon which Judge Haas rested his decision, was that equity was without jurisdiction in the premises and that the complainants' remedy was at law. On this ground, the complainants' bill was dismissed. An appeal was taken to this court (128 Va. 416, 104 S. E. 791), which affirmed the judgment of the trial court. Thereupon, Ewing brought his action at law in said circuit court against the Dutrows. Before the latter case was called for hearing, Ewing applied to Judge Haas, by motion in open court, supported by his affidavit, to certify to the Governor that he was so situated with reference to the case as to render it

improper, in his judgment, for him to sit, and to ask for
the designation of another judge to sit in the case. This
application was promptly denied. Thereupon, the present
petition for a writ of prohibition was filed in this court.
The petition alleges, as the ground of the writ, "that the
Hon. T. N. Haas, judge of this court, who passed upon
the demurrer in said chancery suit, and entered said de-
cree dismissing the same, wrote the greater portion of the
brief for appellee upon said appeal, and, as affiant believes,
by reason thereof, is not now in the unbiased position which,
under the law, a judge should occupy in presiding at the
trial of this case; and, as affiant believes, said judge is not
capable of presiding fairly at such trial." Judge Haas and
the Dutrows were made defendants to the petition, and an-
swered the same. Depositions were taken on each side and
the case is now before us for decision. Judge Haas, in his
answer and also in his deposition, details fully his con-
nection with the brief filed for the Dutrows in this court and
denies any bias or other reason that would render it im-
proper for him to sit in the case. In his answer, he says:

"At the time of deciding the case in the circuit court,
this respondent prepared a written opinion containing his
decision and the reasons for it, but this opinion was not
present with the papers of the case when the decision was
announced in court, having been left lying in a basket on
respondent's desk, in his study, at his home, when the pa-
pers in this case, along with other cases, were put into his
bag and carried to court. The case was decided in January,
1919. Some time afterwards—how long, the respondent
does not remember—the opinion which had been prepared,
as aforesaid, was handed by respondent to counsel for de-
fendants (appellees) in the case to make such use of as he
might see fit on the hearing of the case in the Court of Ap-
peals. The greater portion of this opinion was embodied
in the brief of counsel for the appellees (the Dutrows),

with matter of his own interspersed in it here and there. The portions of the opinion used (some of it not being pertinent to the matter of a brief) commences on page '5' of the printed brief and ends at the top of page '8,' and would aggregate, if all the parts of the opinion were brought together, about two pages. The opinion aforesaid is all the matter of which respondent was the author, that went into the brief of counsel. The printed brief contains sixteen pages. This respondent knew nothing about the preparation of the brief or what it contained until a day or two before the argument of the case in the Court of Appeals, in September, 1920, when Mr. George N. Conrad, counsel for the appellees, handed him a copy of his brief, already printed and filed, and at the same time, as respondent believes, a copy of the reply brief for appellants, which also had already been printed and filed. As your honors well know, it is not an uncommon thing for counsel to furnish copies of their briefs in the Court of Appeals to the judge of the lower court.

"In the opinion prepared by respondent when deciding the case in the circuit court, respondent had referred to the jurisdiction exercised by the court of chancery to decree an abatement of purchase money for a deficiency in the quantity of land sold, and said that was a different case from a demand for damages such as was made by the bill in the *Ewing Case*—proceeding further to distinguish the two cases briefly. Counsel for appellants, in their reply brief (p. 5), commenting upon the chancery jurisdiction to abate or compensate for a deficiency in the quantity of land sold, and seeking to draw from it an argument to support the jurisdiction in chancery of a demand for damages for deceit, said: 'Appellees admit that equity has jurisdiction of a bill for an abatement of purchase money on a sale of land for a deficiency, and say 'but that is a different case from the one made by the bill in the case'; they fail, how-

ever, to differentiate between them.' And further: 'The equitable jurisdiction being established to decree an abatement of purchase money, even in a case of mistake, not induced by fraud, how much more reason is there for the power, in equity, to restore to the injured party the loss occasioned by an actual fraud.'

"On reading the reply brief for appellants, respondent, who had made a more exhaustive examination of the question at the time of writing the opinion than was expressed in the opinion, told Mr. Conrad that he would give him an answer to the two paragraphs above quoted, and proceeded to elaborate in a pencil note the treatment of the question contained in the opinion, and gave it to Mr. Conrad, counsel for appellees, this note citing and quoting from the case of *Blessing's Adm'rs* v. *Beatty,* 1 Rob. (40 Va.) 287, 298, a case which respondent is satisfied he examined when the case was before him in the circuit court, though it was not cited in the opinion, probably because the reference was not immediately at hand when the opinion was written. What use Mr. Conrad made of this memorandum (which makes about a page and a half of typewritten matter), respondent did not know definitely until the 21st day of September, 1921, when he caused an examination to be made of the files of the case in the records of the clerk's office of the Supreme Court of Appeals, at Staunton, and upon information obtained in that way, as well as from the recollection of Mr. Conrad himself, respondent avers that the note furnished by respondent was never filed in the case at all, but the case of *Blessing's Adm'rs* v. *Beatty,* referred to in the note, was cited by Mr. Conrad, with a statement of its purport, in a typewritten 'insert' comprising something less than nine lines, which was inserted in the paging of the brief, as respondent is informed, with the consent of counsel for the appellants.

"In the course of fifteen years of service as judge of the

twenty-fifth judicial circuit of Virginia, respondent has on a number of occasions given authorities and suggested arguments to counsel for use on appeal from his decisions, and sometimes has given written memorandums. He has given such authorities and suggestions to counsel for the appealing party, to combat his own decisions with, as well as to counsel who were for affirming his decisions. He does this sometimes from the bench, and sometimes in conversation with the counsel, together or separately, indifferently, as it may happen or as occasion may arise. His object has been to give such material as he had at hand, as the result of his study and research in reaching his own decisions, to the elucidation of the question involved. Respondent's interest is an intellectual and professional interest, not singular or unusual, and even involving little if any pride of opinion, though, of course, he desires to be right, and to be confirmed in his opinion that he is right by the approval of this honorable court.

*        *        *        *

"Respondent denies that he is in a position of bias or prejudice by reason of his action in the premises, or because of anything else, and submits that the cause assigned for this proceeding is without merit and an empty thing."

It appears from the testimony that the opinion of Judge Haas was not made a part of the record, nor filed with the papers in the cause in the clerk's office; that Mr. Conrad is a brother-in-law of Judge Haas; that counsel for Ewing had no knowledge or information about the delivery by Judge Haas to Mr. Conrad of the copy of his opinion, or the pencil memorandum in answer to appellants' reply brief, but that they recognized Judge Haas' style in the brief for the Dutrows, and brought it to his attention, when he admitted the giving of said opinion to Mr. Conrad, and in this way they learned for the first time what had been done. A number of lawyers of the Rockingham bar testified that

they had never received from Judge Haas assistance such as he sets out in his answer he had "on a number of occasions" given to counsel.

The parties waived all questions as to the jurisdiction of this court to award the writ and have asked us to decide the case on its merits. Any order we could make in the case, except to dismiss it, would be the assumption of jurisdiction, hence we must pass on the question. *Bragg* v. *Justis*, 129 Va. 354, 106 S. E. 335.

[1, 2] In 23 Am. & Eng. Enc. of Law (2nd ed.) 223, it is said: "A writ of prohibition will lie to restrain a judge from presiding in an action in which he is disqualified by reason of interest, although the court over which he presides may have jurisdiction of cause." The following, among other cases, are cited to sustain the text: *North Bloomfield Gravel Min. Co.* v. *Keyser,* 58 Cal. 315; *Connolly & Gold Min Co.* v. *Keyser,* 58 Cal. 328; *State* v. *Wear,* 129 Mo. 619, 31 S. W. 608; *State* v. *Board of Education,* 19 Wash. 8, 52 Pac. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706. But in *People* v. *Jerome,* 36 Misc. Rep. 256, 73 N. Y. Supp. 306, the writ was refused when sought upon the ground that the judge was biased where no interest on the part of the judge was shown. It is also said in 32 Cyc. 607, that where a judge is disqualified by reason of interest, prohibition will lie, although the court over which he presides has jurisdiction.

In *Coal Co.* v. *Doolittle,* 54 W. Va. 210, 46 S. E. 238, the above quotation from the 23 Am. & Eng. Enc. of Law is cited with approval. In the latter case the disqualification was on account of interest in the subject matter and not mere bias, and in paragraph 3 of the syllabus it is said:

"In order to disqualify, the interest of the judge must be in the subject matter of the case, and not merely in a legal question involved in it," but the text of the opinion hardly warrants the syllabus.

In the instant case, the Circuit Court of Rockingham has jurisdiction of the case, but the allegation of the petition is that, Judge Haas is disqualified to sit by reason of the fact that he "wrote the greater portion of the brief for the appellee" and "is not capable of presiding fairly at such trial." If Judge Haas is in fact disqualified to sit in the case, but, notwithstanding such disqualification, is about to sit therein, it is a proper case for awarding the writ, although the court over which he presides has jurisdiction thereof.

[3, 4, 5] The peculiar feature of this case is that the objection to the judge is not on account of interest in the subject matter, nor of relationship, by consanguinity or affinity, to any of the parties, but on account of bias on a purely legal question which has been settled and determined, and cannot again arise in the present controversy. Counsel for the petitioner seem to realize this, and have very earnestly argued before us that the position of Judge Haas is that of attorney for the Dutrows in the case and that he has thereby incapacitated himself to sit as judge. In this view we cannot concur. In order to establish the relation of attorney and client, there must be a contract of employment, express or implied, between the attorney and the party for whom he appears or some one authorized to represent him. 2 R. C. L. 953, sec. 25, 3 Cyc. 926, 3 Am. & Eng. Enc. of Law, 2nd ed. 316.

The evidence falls far short of establishing the relation of attorney and client, and counsel for the petitioner distinctly disavow any intention of charging the judge with lack of integrity. The following cases have been cited by the petitioner on the subject of judicial conduct and the necessity for public confidence therein: *Boswell* v. *Flockheart,* 8 Leigh (35 Va.) 364; *Bowers' Adm'r* v. *Bowers,* 29 Gratt. (70 Va.) 697; *Louisville & N. R. Co.* v. *Taylor,* 93 Va. 226, 24 S. E. 1013, also note 2 Va. Law Reg. 376; *Davis*

v. *Beazley,* 75 Va. 491; *Bowden* v. *Parrish,* 86 Va. 67, 9 S. E. 616, 19 Am. St. Rep. 873; *Corey* v. *Moore,* 86 Va. 721, 11 S. E. 114; *Moses* v. *Julian,* 45 N. H. 52, 84 Am. Dec. 116; *Coal Co.* v. *Doolittle,* 54 W. Va. 210, 46 S. E. 238; *Findley* v. *Smith,* 42 W. Va. 299, 26 S. E. 370; *State* v. *Cottrell,* 45 W. Va. 839, 32 S. E. 162; *State* v. *Hocker,* 34 Fla. 25, 15 So. 581, 25 L. R. A. 117. There is also cited Constitution of Virginia, sec. 105, Code 1919, sec. 5975; *Berger* v. *U. S.,* 255 U. S. 22, 41 Sup. Ct. Rep. 230, 65 L. Ed. —.

In the view we take of the facts of the case, it is unnecessary to review these or other cases on the subject. There is no charge here of proprietary interest in the subject matter of litigation, nor of relationship to the parties, nor of fraud or corruption, nor of lack of integrity on the part of the judge, but simply a charge of bias, or leaning of the mind of the judge to a certain conclusion upon a purely legal question which was decided at the trial of the first case, and which cannot again arise on the trial of the second case; and that the conduct of the judge in maintaining his view of the legal question had been such as to place him in the position of counsel for the Dutrows. As already stated, the evidence does not at all warrant the charge that the judge occupied such a position, but it does disclose conduct on his part that was indiscreet, unwise and injudicious, as is manifested by the present controversy. If he did not care to make his written opinion a part of his judgment, but wished counsel to have the benefit of it in the preparation of a brief in maintenance of his views, he should have filed it with the papers in the cause, so that it might have been accessible to counsel on both sides, and have refrained from further connection with the controversy which had passed from his jurisdiction and was then pending before this court. The record in this cause does not disclose any reflection upon the honesty, the uprightness, purity or integrity of Judge Haas, and certainly we should not have sus-

pected any, but only a bias on a purely legal question that had been decided on the trial of the first case. It does not disclose any prejudice against the petitioner. Such bias does not disqualify Judge Haas from sitting at the trial of the second case between the same parties. After a careful examination of the question of law involved and a decision thereof, of course Judge Haas was biased in favor of his opinion, as was this court after it affirmed his judgment, but that did not disqualify either from sitting in another suit between the same parties, even if the same question was involved. Bias on a purely legal proposition, such as whether the jurisdiction of a case is at law or in equity, removed from prejudice against any of the parties, does not disqualify a judge from sitting in a case. Nor do we understand that counsel so contend, but their sole reliance is on the allegation that he acted as counsel for the Dutrows. This, we think, is plainly not sustained by the evidence.

The stability of our government is dependent upon the inflexible integrity of its courts, and the confidence of the public in the courage, the impartiality and the wisdom of the judges in the prompt administration of even-handed justice to every litigant. This confidence cannot be betrayed with impunity, and ought not to be impaired by reasonable grounds of suspicion. The action of a pure and upright judge may, however, give rise to a suspicion of partiality or prejudice, when the surrounding facts and circumstances are unknown, but which vanishes in the light of their disclosure. So also counsel, in the heat of litigation and in their zeal in behalf of their clients, sometimes become so satisfied of the correctness of their conclusions that they cannot be convinced of their error, and often attribute an adverse view to bias or prejudice. But when the incident has passed, and reason has resumed her sway, they usually find that they have been hasty in their judgment, and that the judge has been as pure in his motives and as impartial

in his administration of justice as they would have him be. When this occurs, there should be none more ready than they to admit their error, and to correct, as far as possible, the erroneous impressions they have created. The petition for the writ of prohibition will be refused.

*Refused.*