### LYLE et al. v. COLLIER et al.
### No. 3964.

Court of Civil Appeals of Texas. Amarillo.
July 5, 1933.

W. W. Kirk and Williams & Day, all of Plainview, and Dennis Zimmermann, of Tulia, for appellants.

C. D. Russell and Graham & Graham, all of Plainview, for appellees.

JACKSON, Justice.

On November 10, 1931, C. A. Lyle, plaintiff filed suit No. 3737 in justice court, precinc No. 1, Hale county, Tex., of which court J. F Siler was justice of the peace, against Dav Collier, A. M. McMillan, Albert G. Hinn, W E. Settoon, F. M. Dougherty, and J. D. Steak ley, defendants, to recover the sum of $40.10

The plaintiff alleged that the defendant constituted the directors of the Plainview National Bank, and on September 12, 1931 he placed said sum in the bank and received a deposit slip therefor. That he had n knowledge thereof, but at the time he made the deposit the bank was insolvent and ceas ed to do business on said day and is still in the hands of a receiver. That the defend ants knew, or could have known by ordinary prudence, the condition of the bank and in accepting his deposit became jointly and sev erally obligated to him for the sum deposit ed. He relinquished the bank from all claim on its assets and sought judgment against the defendants.

In due time the defendants each filed his sworn plea, supported by the affidavits of two credible citizens of the county, setting out that each of the affiants had reason to be lieve and did believe that none of the defend ants could have a fair and impartial trial before J. P. Siler or in his justice precinct applied for a change of venue, and asked the justice to transfer the case to the nearest justice within the county not subject to the same or some other disqualification.

On December 30th, C. A. Lyle filed a con troverting affidavit demurring to the defend ants' application, and stated that he had rea son to believe, and did believe, that the de fendants could have a fair and impartial trial before said justice and in said precinct.

The defendants excepted to the controvert ing affidavit, and contended that, as a mat ter of law, they were entitled to a change of venue and a transfer of the case. The ex ceptions were overruled by the justice, who set the issue of venue and transfer for hear ing on January 4, 1932. The defendants each filed additional affidavits with two other credible citizens of the county and insisted that the justice was thereby deprived of fur ther jurisdiction except to transfer the cause to the nearest justice within the county quali fied to try the same.

On hearing the plea and controverting an swer, the application for change of venue and transfer was denied, and, over the ob jections of the defendants, the justice set the case for trial on its merits before him in his precinct on January 13, 1932.

On the day said cause was set to be tried on its merits before the justice, the defend ants therein, the appellees here, applied to the district court of Hale county for a tem

orary injunction restraining said justice and C. A. Lyle from proceeding with the trial, and asked upon a final hearing the temporary injunction be made permanent and the court issue a writ of mandamus directing the justice to transfer the cause to the justice of precinct No. 3 in Hale county, Tex., the nearest justice to said precinct No. 1 within the county not subject to the same or some other disqualification.

In addition to the foregoing, the petitioners for injunction alleged that, although at the hearing they insisted that as a matter of law they were entitled to a change of venue on the affidavits presented, the justice of the peace heard oral testimony and overruled their pleas, stating as a reason therefor that in his opinion petitioners could have a fair and impartial trial before him and in his precinct. That some of the affiants making the supporting affidavits testified orally before the justice that they had good reason to believe, and did believe, that the defendants could not have a fair and impartial trial before him or in his precinct. That the testimony heard on the plea of privilege showed that, since the Plainview National Bank closed, great prejudice had existed against the defendants; that a large number of the residents of said precinct had deposits in said bank, many of which were made on the day before it closed; that the justice admitted that he had deposited $12.70 in the bank on September 11th and the bank was still indebted to him for that and other amounts. That the justice announced that he would not permit such facts to influence him and the large crowd present at the hearing applauded such announcement. That the testimony disclosed the defendants could not obtain a fair and impartial trial in said precinct or before such justice. That said justice was threatening to proceed to try and dispose of said case, and, unless restrained, they feared he would enter judgment against them; that they had a meritorious defense, had no right of appeal from the order refusing to transfer the case, and had no adequate remedy at law. That they could have a fair and impartial trial in precinct No. 3 of Hale county and before the justice thereof, who was the nearest justice to precinct No. 1 not disqualified to try the suit.

The district court granted the temporary injunction, and on February 9, 1932, J. P. Filer, the justice, and C. A. Lyle answered by general demurrer and special exceptions.

On May 27, 1932, on the final trial, after hearing the evidence, the temporary injunction was modified by the court and made permanent, restraining the justice of precinct No. 1 from taking any action except to transfer cause No. 3737, and he was ordered by the decree to transfer said case to the justice of precinct No. 3 in Hale county, from which judgment the appellants appeal.

Appellants contend that the affidavits filed in the justice court by appellees were not in compliance with article 2394, because there was omitted therefrom the word "good," and the justice, having adjudged said affidavits to be insufficient, could not be required by injunction to sustain the motion to transfer.

Article 2394, R. C. S., is as follows: "If any party to a suit before any justice shall make an affidavit supported by the affidavit of two other credible persons, citizens of the county, that they have good reason to believe, and do believe that such party cannot have a fair and impartial trial before such justice or in such justice['s] precinct, the justice shall transfer such suit to the court of the nearest justice within the county not subject to the same or some other disqualification."

It will be noted that appellants, in their answer to appellees' suit in the district court, relied on exceptions leveled at the petition, and denied none of the fact allegations contained therein. There is no statement of facts in the record, hence the judgment must be affirmed unless it is invalid as a matter of law.

The record shows that the justice gave as his reason for refusing to transfer the case that in his opinion petitioners could have a fair and impartial trial before him and in his precinct. In the hearing before the justice, the oral testimony disclosed that some affiants making the supporting affidavits testified they had good reason to believe, and did believe, that the defendants could not have a fair and impartial trial before such justice or in his precinct.

■ This objection to the affidavits was not raised either in the justice or district court, but is presented for the first time in this court, and in our opinion does not present reversible error. Jones et ux. v. Womack-Henning & Rollins, Inc. (Tex. Civ. App.) 53 S.W.(2d) 635; Jamail v. C. B. Cato & Co. (Tex. Civ. App.) 300 S. W. 114.

Appellants assail as error the action of the district court in perpetuating the injunction and directing the justice to transfer the case, because, under the statute authorizing appeals from justice court to county court, appellees had an adequate remedy at law.

Article 2394, when invoked, presents two causes, the existence of either of which requires the justice to transfer the case; one if the party cannot have a fair and impartial trial before the justice; the other if he cannot have such trial in said justice's precinct.

Whether articles 2170 and 2171, R. C. S., vest a justice of the peace with authority to determine from testimony whether a litigant in his court is entitled to a change of venue on the issue that he could not have a fair and impartial trial in said justice's precinct,

it is unnecessary to decide, since the defendants in justice court, appellees here, contend that they could not have a fair and impartial trial before the justice.

There is no exception to the venue statutes permitting the transfer of a case because the litigant believes he cannot have a fair and impartial trial before the judge, except the provision applied to justices of the peace in article 2394. Such provision has never been interpreted by the courts of this state, and in other jurisdictions where similar statutes have been construed the courts are not in accord, but in our opinion the decisions holding that such a statute is mandatory, furnishes a summary remedy, and deprives the court of jurisdiction, except to transfer the case, are based on the better reason and announce the safer rule.

The justice of the peace may have believed that he could act without bias or prejudice towards the defendants in the trial, but they were not required to permit him to make such an experiment. State v. Grinstead, 10 Kan. App. 78, 61 P. 976, 977.

In Vogel v. City of Milwaukee, 47 Wis. 435, 2 N. W. 543, the court says: "The venue is to be changed, not upon the fact of the judge's prejudice, but upon the imputation of it. * * * It goes upon a statement of belief, not of fact, save in so far as belief may be a fact; upon assertion that the party has reason to believe and does believe that he cannot receive a fair trial on account of the judge's prejudice, not upon averment of the prejudice itself."

In Washoe Copper Co. v. Hickey et al., 46 Mont. 363, 128 P. 584, 586, the Supreme Court of Montana says: "To disqualify a judge under subdivision 4 above, the litigant is not required to state any facts upon which his claim of the judge's bias or prejudice is founded. * * * It is not the bias or prejudice which works his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either charge."

In construing statutes similar to ours, it has been frequently held that the effect of filing affidavits, where permitted by statute, imputing bias or prejudice to the trial judge, is to deprive him of all jurisdiction except to transfer the case.

In Fraser et al. v. City of Fargo et al., 135 Wis. 401, 116 N. W. 3, the Supreme Court of Wisconsin says: "The effect of the application for a change of venue is to deprive the presiding judge of further power, except to carry out the statutory provisions on the subject."

To the same effect are the holdings in Stephens v. Stephens, 17 Ariz. 306, 152 P. 164; Huhn v. Quinn, 21 Wyo. 51, 128 P. 514; Shattuck v. Myers, 13 Ind. 46, 74 Am. Dec. 236;

Cook v. Baxter, 27 Ark. 480; Krutz v. Howard, 70 Ind. 174; Griffin v. Leslie, 20 Md. 15; Brothers v. Williams, 65 Wis. 401, 27 N. W. 157; Fatt v. Fatt, 78 Wis. 633, 48 N. W. 52.

The same construction is given to such statutes regulating the practice before justices of the peace.

In Hellriegel v. Truman, 60 Wis. 253, 19 N. W. 79, 80, the court says: "We are clearly of the opinion that the justice lost jurisdiction to try the case after the affidavits of prejudice were presented and the motion for removal was made. The rule established in such cases for the circuit courts must be applied to the justice's court. The language of the two statutes is alike."

Under this record, our statute, and these decisions, the justice of the peace, when the affidavits were filed, was deprived of all jurisdiction, except to transfer the case to the nearest justice within the county qualified to try it. The defendants having imputed prejudice, bias, or interest to him, his duty was imperative, and he was not empowered to pass on the issue of his prejudice. The judgment overruling the application for transfer of the case from his court, his order setting the case for a hearing on its merits, and any judgment rendered by him on the merits, would have been void, and its enforcement could have been enjoined.

In Craig, Sheriff, et al. v. Pittman & Harrison Co., 234 S. W. 1112, 1113, the Court of Civil Appeals at Dallas holds: "That the judgment was absolutely void is not doubtful to us. The effect of filing the plea of privilege was to make prima facie proof of defendant's right to have the case transferred. The filing of the plea operated to preclude any other proceedings until after it had been disposed of in the manner provided by the statute. No contest having been filed by the adverse party, and the defendant neither having waived nor abandoned the plea, it was the duty of the court to sustain it. The only valid order which could have been entered would have been that transferring the case. All further proceedings were beyond the power of the court in the absence of a contest and notice thereof to defendant according to statutory requirements * * * The judgment of the justice of the peace being void, then, under well-settled authority, its enforcement could be restrained by enjoining execution. Heath v. Layne, 62 Tex. 686." This holding was approved by the Commission of Appeals in 250 S. W. 667.

If we are correct in our conclusion that the defendants in the justice court by their affidavits imputed bias, prejudice, or interest which deprived the justice of all jurisdiction except to transfer the case, the district court was correct in restraining him from attempting to exercise further jurisdiction and directing that he transfer the case

■ While the rule is not universal, we are in agreement with the authorities holding that a writ of injunction or prohibition will lie to prevent a judge so disqualified from trying and disposing of the case, as announced in the following: State of Missouri ex rel. Frank W. McAllister v. Slate, 278 Mo. 570, 214 S. W. 85, 8 A. L. R. 1226 and notes 1238; Conkling et al. v. Crosby, 29 Ariz. 60, 239 P. 506; Brown et al. v. Rowe, Circuit Judge, 96 Fla. 289, 118 So. 9; Riner, Tax Collector v. Flanders, 173 Ga. 43, 159 S. E. 693; Leonard v. Willcox, Superior Judge, 101 Vt. 195, 142 A. 762; Ewing v. Haas, Circuit Judge, 132 Va. 215, 111 S. E. 255.

What we have said disposes of the questions presented for review, and the judgment is affirmed.

MARTIN, J., not sitting.