**Randall Lane CROWDER, Michael Easton, and Laurie P. Easton, Appellants,**

v.

**Justice of the Peace Gary C. FRANKS, Appellee.**

No. 01–92–01211–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1993.

Michael Easton, Houston, for appellants.

Ben W. "Bud" Childers, James E. Stavinoha, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION ON MOTION FOR REHEARING

WILSON, Justice.

We withdraw our earlier opinion substituting the following opinion in its stead, and overrule appellants' motion for rehearing.

Appellants, Randall L. Crowder, Michael Easton, and Laurie P. Easton, occupants of apartments in the Park Lake Townhomes complex in Fort Bend County, appeal to this Court pro se in their continuing attempt to disqualify Justice of the Peace Gary Franks from sitting in their respective eviction cases. The gravamen of the underlying complaint, as well as this appeal, concerns the mandatory duties, if any, of the justice of the peace under Tex.R.Civ.P. 528. We construe the rule, find appellants failed to reach the threshold necessary to require Judge Franks to transfer the cases, and affirm.

Appellants reached this Court following denial of a petition for mandamus filed in Fort Bend County Court at Law Number One. Appellants had sought an order directing Judge Franks to transfer venue of the eviction cases consistent with rule 528. Appellants alleged in county court that their filings in the justice court created a mandatory duty on Judge Franks to transfer the cases.

Appellants present three points of error to this court for review: (1) the court erred in striking the language from the appellants' notice of appeal which stayed further proceedings in the underlying action; (2) the court erred in denying the mandamus because the relief requested was mandatory; and (3) the court's findings were clearly erroneous. Appellants have also filed a motion to stay the lower court proceedings. Our construction of rule 528 is dispositive of the appeal.

### Fact Summary

Appellants appeared in Judge Franks' court as defendants in three separate forcible entry and detainer cases.[1] Appellant Michael Easton filed what he styled as a motion to recuse in the case of *Stracka v. Michael Easton and Laurie Easton.* This motion

1. The cases and respective parties are as follows.
   1. *Stracka v. Michael Easton and Laurie Easton,* FD6–028A. Michael Easton represented to the trial court and in his pleadings that an injunction had issued from the 215th District Court in Harris County prohibiting further proceedings in this case.

2. *Park Lake Townhomes v. Laurie Easton,* FD6–046B. Michael Easton claims to be a party to this suit because he is an occupant of the apartment with his former wife, Laurie, and her two children (his stepchildren).
3. *Park Lake Townhomes v. Randall Lane Crowder,* FD6–037B.

was supported by the affidavits of Randall Crowder, Laurie Easton, Michael Easton, and Cynthia Cline. The motion states relief is sought under TEX.R.CIV.P. 528.

The record is somewhat confusing about whether the same affidavits were filed in all three cases. The affidavits filed in case number FD6–028A are in the transcript and are attached as exhibits to the statement of facts. We find no other affidavits in the record. However, Judge Wagenbach states in his finding of fact number three, inter alia, "that relators [appellants here] filed affidavits in the aforementioned forcible entry and detainer **actions** on or about November 12, 1992." Moreover, Judge Wagenbach found that cause number FD6–028A was the subject of a Harris County district court injunction, and that the 215th was the proper forum for further litigation on that particular suit. Judge Wagenbach went on to make extensive findings of facts and conclusions of law that seemingly could only apply to the two other eviction cases. We presume the same affidavits were filed in all three cases, but for purposes of disposition, and given the identity of issues, the opinion treats the other two cases unaffected by the injunction in the 215th as one.

After the motion and affidavits were filed, appellant Michael Easton inquired about its disposition with the court. Judge Franks told him that the motion should be set for a hearing, but Easton did not comply with the judge's directions. When the judge failed to act consistent with appellants' expectations, they filed a petition for mandamus in county court against Judge Franks. Claiming rule 528 is mandatory, appellants requested the county court order Judge Franks to transfer the case to a different justice of the peace court as required by the rule. A hearing was held, after which Judge Wagenbach denied the relief sought by appellants and filed the findings referred to above.

### Standard of Review

■ This appeal from the denial of mandamus by a trial court will be reviewed by this Court just like any other civil proceeding. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 792 n. 1 (Tex.1991). When a trial court hears a petition for writ of mandamus, the findings of fact may be reviewed for legal and factual sufficiency of the evidence. *Anderson,* 806 S.W.2d at 794. If the findings are supported in the evidence, we understand *Anderson* to require a determination of whether the facts found mandate the issuance of a writ of mandamus as a matter of law.

### Construction of Rule 528

■ The fundamental issue in the justice court, the trial court, and here involves the construction of rule 528. The rule is as follows:

#### Venue Changed on Affidavit

If any party to a suit before any justice shall make an affidavit supported by the affidavit of two other credible persons, citizens of the county, that they have good reason to believe, and do believe, that such party cannot have a fair and impartial trial before such justice or in such justice's precinct, the justice shall transfer such suit to the court of the nearest justice within the county not subject to the same or some other disqualification.

TEX.R.CIV.P. 528.

■ Rule 528 incorporates in a single procedure the legislature's decision to give a civil litigant in a justice of the peace court an absolute right to the transfer of a case to avoid the alleged prejudice of a judge or potential jury. This legal entitlement is predicated upon a filing of an affidavit by a party to the suit supported by additional affidavits from at least two other credible citizens (nonparties to the litigation) of the county involved. The affidavits required are sufficient even though they may be only conclusionary, albeit sworn, allegations of impartiality and residency.[2] There is no provision in the rule for the allegations to be factually

---

**2.** Rule 528 is not to be abused by an act of tactical gamesmanship. A challenge to the impartiality of a justice of the peace is a serious allegation. Although the requirements of the rule are liberal, every litigant is under an obligation to deal with the court truthfully. *See* TEX.PENAL CODE ANN. § 37.03 (Vernon Supp.1993).

contested, nor for an eventual fact-finding made by the justice of the peace as to their accuracy. *See Lyle v. Collier*, 62 ·S.W.2d 1112, 1114 (Tex.Civ.App.—Amarillo 1933, no writ) (discussing the precursor to rule 528, and stating that once the affidavits are filed, the court is deprived of all jurisdiction).

Appellee urges us to not construe rule 528. However, if we applied the *Lyle* holding literally to the facts before us, it could be argued that a reversal is required. *Lyle* finds a mandatory duty exists in the justice of the peace to transfer on the filing of affidavits under rule 528, and that the act of filing divests the justice of the peace of all jurisdiction. Affidavits were filed in this case with a motion claiming authority under rule 528. In fact, this is how appellant presented his case for mandamus before the trial court, that *Lyle* legally obligated Judge Franks to transfer the cases without any further consideration. We must construe the rule to determine what mandatory obligations, if any, Judge Franks had in relation to it. Further, construction of the rule is necessary to understand the parameters of the *Lyle* holding.

■ We understand *Lyle* to say that once the affidavits are filed in justice court, the judge must transfer the case. We agree, but note this assumes the affidavits filed comply with the rule as well as the general requirements for affidavits in TEX.GOV'T CODE ANN. § 312.011 (Vernon 1988). In this case we agree with Judge Wagenbach's findings that Judge Franks could hold a hearing in conjunction with the filing of the affidavits. Such a hearing would be limited by our construction of the rule and *Lyle* to the consideration of the affidavits filed, and whether or not they comply with the rule. The legal questions before the justice of the peace would be necessarily narrow, and confined to a consideration of the four corners of the affidavits. The justice of the peace is prohibited from making any factual finding, whether to the substance of the allegations, the residency of affiants, or otherwise. Contrary to Judge Wagenbach's findings, no act of judicial discretion is involved, and the remedy of mandamus is available. Because appeal from the justice court to the county court is de novo, the right to have a case transferred under rule 528 would be lost unless subject to review by mandamus.

■ We hold rule 528 is the exclusive rule applicable to the justice of the peace court for a litigant claiming he can not get a fair and impartial trial in a civil case due to the alleged prejudice of any fact finder, whether judge or jury. Consequently, TEX.R.CIV.P. 18a and 18b regarding recusal of the judge, and TEX.R.CIV.P. 257 and 258 regarding transferring venue due to prejudice, do not apply in whole or in part to a justice of the peace court in the context of a civil proceeding. TEX.R.CIV.P. 523.

■ We find, however, that some affidavits filed in this case did not comply with rule 528 because they did not state the affiants resided within Fort Bend County. Because some affidavits facially failed to comply with the residency requirement as a matter of law, Judge Franks acted within the proper boundaries of rule 528 by refusing to transfer the cases at the demand of appellants. Further, it was discretionary for Judge Franks to order a prompt hearing to consider the affidavits.

### Points of Error

In point of error two, appellants claim denying mandamus was error because the relief requested was mandatory. Given our construction of the applicable rule, and our consideration of the affidavits, we find the relief requested was not mandatory, and accordingly deny point of error two.

■ Appellants' third point of error challenges the court's findings as clearly erroneous. Specifically, appellants challenge the court's finding that Michael Easton had an adequate remedy in the 215th District Court in Harris County, and also challenge the court's finding that the affidavits were insufficient. We address only the challenge to the finding of fact on the sufficiency of the affidavits. Specifically, they argue that there was no evidence presented at to the trial court, and such a factual determination should have been made in the justice of the peace court. However, Easton refused to set the motion for a hearing as Judge Franks advised him to do.

Additionally, appellants had the burden of demonstrating a clear right to the extraordinary relief requested. Under the facts of this case, appellants had the burden of showing the affidavits were sufficient. The trial court's findings indicate that appellants have not met that burden.

■ Appellants filed four affidavits from Randall L. Crowder, Laurie Easton, Michael Easton, and Cynthia Cline in support of the rule 528 motion. Only Crowder's affidavit stated he lived in Fort Bend County. Therefore, appellants have failed to meet the requirement of the rule requiring the affidavit of two credible persons who are citizens of the county. Again, the justice of the peace is forbidden from going outside the affidavits to find facts about the residency of any affiant or any other fact, even though such a question may appear to have a self-evident answer.

Therefore, we hold that there is sufficient evidence to support the trial court's findings concerning the sufficiency of the affidavits, and accordingly, overrule appellants' third point of error. It is unnecessary for us to address the challenge to the finding concerning the remedy available in the Harris County district court because the affidavits filed for each case were insufficient.

■ Appellants' first point of error challenges the trial court's modification of appellants' notice of appeal. Rule 52(a) of the Texas Rules of Appellate Procedure requires the appellant to preserve a complaint for review by "present[ing] to the trial court a timely request, objection or motion, stating the specific grounds for the ruling ... desired." Appellants assert that the court improperly altered their notice of appeal filed with the county court by striking a portion of it during a conference call with all parties. The record does contain docket entries indicating that this change was made over the telephone by the consent of all parties. There is no objection in the record to the altered order. Appellants have failed to pre-

serve error in any way concerning the alteration of the notice of appeal.

## Conclusion

Rule 528 represents a choice by the legislature for simplified "user friendly" procedures in the justice of the peace court system. Rule 528 rejects extensive and complicated methods for determining the impartiality of the fact finder in exchange for simplicity, economy, and efficiency. The legislature has made a conscious choice through the rule to avoid erecting a bar on the courthouse door to persons without legal expertise. Barricades to access constructed of complex, time-consuming, and expensive procedures are incompatible with the function and purpose of the justice of the peace court.

Appellants request further relief in a supplemental brief, alleging that Justice of the Peace Franks violated an earlier order of this Court. This error was not properly presented to us for review, as it was not at issue in the county court mandamus action. Therefore, we do not address it. Appellants have also filed a motion that this case be restyled. We deny that motion without opinion, and deny all other relief sought post-submission.

We affirm the judgment of the trial court. Additionally, we deny the motion to stay the lower court's proceeding as moot.[3]

---

**3.** A order staying the lower court proceedings was issued by this Court, case number 01–91–01191–CV, December 10, 1992, which was subsequently withdrawn on January 20, 1993.

These orders addressed what appellants now request us to consider. This issue has been disposed of previously by this Court, and is now moot.